# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| JOEL DESERTO, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AIYAN DIABETES CENTER, INC., )<br>And DR. SIVAKUMAR JAYABALAN,)<br>In his Personal Capacity )<br>    Defendants. ) | CIVIL ACTION FILE NO.:<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT
## FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Joel Deserto ("Mr. Deserto" or "Plaintiff") and files this Complaint against Aiyan Diabetes Center, Inc., (hereinafter referred to as "Defendant Aiyan") and Dr. Sivakumar Jayabalan (hereinafter referred to as "Defendant Jayabalan"), through undersigned counsel, showing the Court as follows:

## INTRODUCTION

1.

This action is brought by Plaintiff for damages and equitable relief for breach of an oral contract, and for violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §201, *et seq.* to recover (1) unpaid overtime wages; (2) liquidated damages; (3) costs of litigation, including reasonable attorney's fees; (4)

money damages; (5) compensatory damages; and (6) nominal damages.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 203, 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and pendent jurisdiction concerning the breach of oral agreement.

3.

Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Aiyan's is located in the Southern District of Georgia, Augusta Division.

## PARTIES

4.

Plaintiff, Mr. Deserto, is an adult American citizen and resident of Richmond County, Georgia. As such, he is entitled to bring actions of this type and nature. He submits himself to the jurisdiction and venue of this Court.

6.

Plaintiff was an employee of Defendant, as defined by 29 C.F.R. § 1620.8 Section 3(e), the Fair Labor Standards Act ("FLSA") and 29 U.S.C. § 203(e)(1).

7.

Defendant Aiyan is a private for-profit company, registered with the Georgia Secretary of State, that was at all times relevant to this action licensed to do business in the state of Georgia, located in the state of Georgia, and is in this federal district and this division. At relevant times hereto, Defendant Aiyan has maintained their offices, conducting regular, not isolated, acts of business in Martinez, Georgia. As such, Defendant is subject to personal jurisdiction in Georgia.

8.

Defendant Aiyan is an employer as defined by 29 C.F.R. § 1620.8 Section 3(d), FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), "and engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), and is subject to the law, thus, the requirements placed on employers prescribed by the FLSA.

9.

Defendants at all relevant times, individually and collectively, have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of employer in relation to an employee…"

10.

Defendant Aiyan may be served with process of service of the Complaint and

Summons via its Registered Agent, Registered Agents, Inc., 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia 30076.

11.

Defendant Jayabalan may be served with process of service of the Complaint and Summons at 594 Medinah Drive, Augusta, Georgia 30907.

## FACTS

12.

As above, Plaintiff was, at all times relevant to this action, an employee of Defendants.

13.

Upon information and belief, Defendant Jayabalan is the Operating, Financial, and Human Resources Officer of Aiyan Diabetes Center as Defendant Jayabalan signed checks, issued assignments and signed Plaintiff's termination letter.

14.

Defendant Jayabalan is the direct superior to the Plaintiff for Aiyan Diabetes Center and as such maintained control over Plaintiff with regard to terms and conditions of employment.

15.

Plaintiff was employed by Defendants from on or about October 4, 2021, until his illegal termination on or about January 6, 2022.

16.

Plaintiff was initially employed by the Defendants as an "Surgical Technologist," a position that paid Plaintiff $31.25 per hour.

17.

At the time of his hiring, Plaintiff was promised a one (1) year agreement at $65,000.00 per year working full time (40 hours per week).

18.

Defendant Jayabalan admitted that on behalf of Defendant Aiyan he "changed" the contract when he "changed" Plaintiff's status to p.r.n. ("as needed").

19.

Defendants breached the contract when, on behalf of Defendant Aiyan, Defendant Jayabalan "changed" the terms of the oral contract.

20.

Despite Defendant Jayabalan's claims that Plaintiff was p.r.n. status, Defendants never called Plaintiff in to work ever again.

21.

For the three (3) months he worked for Defendants, Plaintiff's work hours exceeded forty (40) hours each week.

22.

During the three (3) months Plaintiff worked for Defendants he was never paid overtime for the extra hours he worked for Defendants.

23.

According to information and belief, Plaintiff was misclassified as exempt.

24.

Plaintiff was assigned manual labor tasks to perform in addition to the tasks that he was hired to perform.

25.

Throughout his tenure with Defendants, Plaintiff has been a hard-working employee who diligently performed his duties on a regular basis.

26.

Plaintiff was never disciplined, either verbally or in writing prior to his termination.

## COUNT I

## BREACH OF ORAL CONTRACT

27.

Plaintiff incorporates preceding paragraphs 1 through 26 as if stated herein for this claim for relief.

28.

Prior to accepting employment with Defendants, Plaintiff entered into an oral employment contract with Defendant Jayabalan on behalf of Defendant Aiyan for the term of one year at a salary of $65,000/year.

29.

Plaintiff reasonably relied on this agreement, rejecting other job offers in favor of his contract with Defendants.

30.

Four months into this contract, Defendants breached the contract by placing Plaintiff on p.r.n. (when needed) status, essentially terminating him.

31.

Defendant Jayabalan admitted that he "changed" the contract on behalf of Defendant Aiyan when he placed Plaintiff on p.r.n. status.

32.

Plaintiff was not paid the agreed upon sum of $65,000.00.

33.

Plaintiff rejected other lucrative opportunities so that he could accept the oral contract with Defendants.

34.

Defendants were fully aware that Plaintiff had rejected these other lucrative opportunities.

35.

Defendants owe Plaintiff the balance of $65,000.00 pursuant to O.C.G.A. §13-6-2.

36.

Defendants have been stubbornly litigious in this matter and have acted in bad faith, pursuant to O.C.G.A. §13-6-11.

37.

Pursuant to O.C.G.A. §13-6-11, Defendants owe Plaintiff for reasonable attorney's fees and litigation expenses.

## COUNT II

## VIOLATIONS OF THE FAIR LABORS STANDARDS ACT OF 1938, AS AMENDED

38.

Plaintiff incorporates preceding paragraphs 1 through 26 as if stated herein for this claim for relief.

39.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

40.

Defendants failed to pay Plaintiff anything for his hours worked in excess of 40 hours per week.

41.

Plaintiff's duties did not satisfy the requirements of any exempt category in accordance with the FLSA.

42.

At all times relevant to this action, Defendants were subject to the responsibilities prescribed by the FLSA as assigned to employers.

43.

Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

44.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

45.

Defendants' willful violations of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work with Defendants.

46.

Defendants owe Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. § 216(b).

47.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff for costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Defendants are in breach of contract for their actions;

(b) Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under Fair Labor Standards Act of 1938;

(c) Grant to Plaintiff judgment in his favor and against Defendants under all counts of this Complaint;

(d) Award Plaintiff pre-judgment interest;

(e) Award Plaintiff money damages including compensatory damages in an amount to be determined in the enlightened conscience of the jury to compensate Plaintiff for the damages suffered as a result of Defendants' conduct;

(f) Award Plaintiff nominal damages;

(g) Award Plaintiff his costs and expenses, including reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by The Fair Labor Standards Act of 1938;

(h) Award Plaintiff his unpaid wages plus liquidated damages;

(i)  Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

(j)  Instruct Clerk to issue summons; and

(k)  Award such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted, this 25th day of July 2022.

/s/ Beverly A. Lucas
Georgia Bar No.: 427692
LUCAS & LEON, LLC
P.O. Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorney for Joel Deserto

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| JOEL DESERTO, ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | |
| ) | |
| AIYAN DIABETES CENTER, INC., ) | JURY TRIAL DEMANDED |
| And DR. SIVAKUMAR JAYABALAN,) | |
| Personal Capacity ) | |
| Defendants. ) | |

### CERTIFICATE OF FONT COMPLIANCE
### REQUIRED BY LOCAL RULE 7.1D

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

This 25th day of July 2022

BY: /s/*Beverly A. Lucas*
BEVERLY A. LUCAS
GA State Bar No. 427692
Beverly@lucasandleon.com
Post Office Box 752
Clarkesville, Georgia 30523
Telephone: 706-754-2001
Fax: 706-754-8085