IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOEL DESERTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-096 |
| | ) | |
| AIYAN DIABETES CENTER, INC. and | ) | |
| DR. SIVAKUMAR JAYABALAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Pursuant to Fed. R. Civ. P. 4(d)(2), Plaintiff moves for the Court to award Plaintiff $864.50 in service of process expenses after alleging Defendants failed, without good cause, to sign and return waivers of service. (Doc. no. 12). Defendants oppose the motion. (Doc. no. 19.)

Federal Rule of Civil Procedure 4(d) provides in relevant part:

(1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons . . . .
(2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
    (A) the expenses later incurred in making service; and
    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Good cause for a defendant's failure to waive exists, for example, when a plaintiff does not

deliver the waiver request to the defendant or fails to comply with the procedural requirements of Rule 4(d).  See Fed. R. Civ. P. 4, 1993 Advisory Committee Note ("Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request . . . ."); see also Butler v. Crosby, No. 3:04CV917-J-32MMH, 2005 WL 3970740, at *3 (M.D. Fla. June 24, 2005) ("[W]here defendants receive insufficient notice of the action because of plaintiffs' failure to comply properly with Rule 4(d)(2), courts find good cause for defendants' failure to return waivers."); but see Neal v. Cochran, Cherry, Givens & Smith, P.C., 589 F. Supp. 2d 1363, 1364 (N.D. Ga. 2008) (noting finding good cause should be rare).

Defendants claim good cause exists here because (1) the registered agent for Defendant ADC refused to forward the waiver request to it; and (2) Defendant Dr. Jayabalan never received the waiver request.  It is undisputed, however, that (1) the registered agent refused to forward the waiver request and related pleadings because of an unpaid account balance owed by Defendant ADC; and (2) Dr. Jayabalan received the certified mail card informing him of the certified mail package, but he never bothered to sign for and pick up the package.  It is also undisputed that (1) Plaintiff's counsel emailed the waiver request and suit papers to Dr. Nadarajah, an officer of Defendant ADC; and (2) Dr. Nadarajah received these emails but never opened them.  These actions and omissions by Defendants do not establish good faith.  On the contrary, if anything, they suggest bad faith, contumacious behavior to thwart the efficiency and expediency objectives of Rule 4.

Plaintiff seeks $864.50 in service fees and costs but delayed submitting a supporting itemization and documentation until his reply brief, which deprived Defendants of the ability to lodge a detailed objection in its response brief.  Defendants may file a surreply brief on or before November 14, 2022.  Failure to do so will be construed as an admission the fees and

costs are reasonable.

SO ORDERED this 31st day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA