IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOEL DESERTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-096 |
| | ) | |
| AIYAN DIABETES CENTER, INC. and | ) | |
| DR. SIVAKUMAR JAYABALAN, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On October 31, 2022, the Court found Defendants failed to waive service of summons without good cause and Plaintiff is entitled to recover "(A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. Pro. 4(d)(2); (Doc. no. 21). Because Plaintiff did not submit evidence of his expenses and fees until the reply brief, the Court allowed Defendants to file a sur-reply. Defendants open their sur-reply by asking for reconsideration of the finding they failed to waive service of summons without good cause. (Doc. no. 24, pp. 2-4.) The Courts stands by its prior finding.

Plaintiff seeks $864.50, itemized as (1) $279.50 in costs related to service of summons, supported by invoices from the process server; and (2) attorneys' fees of $585.00 for 2.6 hours of legal work to prepare the motion and reply brief at a rate of $225.00 per hour, supported by the affidavit of Plaintiff's counsel and lists of 2007 and 2009 billable rates in Atlanta. (Doc.

no. 20-1 to 20-8.)

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). "In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)."[1] Id. (internal quotations omitted). The product of these two figures is the lodestar. Id. After calculating the lodestar, the Court may then consider whether it should be adjusted upwards or downwards. Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988); Lambert v. Fulton Cty., 151 F. Supp.2d 1364, 1369 (N.D. Ga. 2000). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.

After review of the Johnson factors, the Court finds 2.6 hours billed to prepare the motion and reply brief is reasonable. The hourly rate of $225.00 is also reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. University of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is

---

[1] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Bivins, 548 F.3d at 1350 n.2.

the district in which the Court sits: the Southern District of Georgia, Augusta Division.  See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Secretary of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)).  Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment.  Norman, 836 F.2d at 1303.

The decade-old articles regarding billing rates in Atlanta are irrelevant to determining 2022 rates in Augusta, and equally unhelpful is the affidavit statement by Plaintiff's counsel that her own rate is reasonable.  "Satisfactory evidence . . . is more than the affidavit of the attorney performing the work."  Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)).  However, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee" as the Court may rely on its own expertise to determine the appropriate rate.  Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc., 432 F. App'x 842, 842–43 (11th Cir. 2011) (citing Norman, 836 F.2d at 1303).

Plaintiff's counsel attests her normal billable rate is $350 per hour, and she has eight years of experience litigating employment matters.  Her discounted hourly rate of $225 is reasonable in this District considering her years of experience in employment litigation.  Indeed, the Court has recently approved rates well above $225 in various matters that include employment litigation.  See Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *3 (S.D. Ga. Apr. 24, 2020) (finding $300 rate reasonable in FLSA case); see also Kirkland v. QLS Enter., LLC, No. CV 121-133, 2022 WL 988003, at *2 (S.D. Ga. Mar. 31, 2022) (finding $300.00 rate reasonable in Augusta market);  Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (same);

Accordingly, the Court **GRANTS** Plaintiff's motion, (doc. no. 12), and **ORDERS** Defendants to pay $864.50 to Plaintiff on or before December 9, 2022.

SO ORDERED this 28th day of November, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA