IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOEL DESERTO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 122-096 |
| AIYAN DIABETES CENTER, INC. | * | |
| and DR. SIVAKUMAR JAYABALAN, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**O R D E R**

Before the Court is the Parties' second motion for settlement approval.[1] (Doc. 33.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering a judgment. On April 12, 2023, the Court denied the Parties' original motion for settlement approval, and they have now submitted a second motion and amended settlement agreement. (Docs. 28, 33.) For the following reasons, the Parties' second motion (Doc. 33) is **GRANTED**.

---

[1] Plaintiff also filed a motion to compel Defendants to comply with the Court's Order. (Doc. 31.) Plaintiff represented that Defendants did not file the motion to approve settlement by May 5, 2023 as required by the Court's April 12, 2023 Order. (Id. at 3.) However, presently before the Court is the Parties' second motion for settlement approval (Doc. 33.), and thus, Plaintiff's motion to compel (Doc. 31) is **DENIED AS MOOT**.

The Court previously found the presence of a bona fide dispute and found the settlement amount and attorney's fees fair and reasonable. (Doc. 28, at 3-6.) However, the Court denied the Parties' motion because of a pervasive release provision. (Id. at 6-8.) The release clause in the original settlement agreement released Defendants from non-FLSA claims, making it impermissibly pervasive. (See Doc. 27-2, at 4.) The amended settlement agreement contains no release clause, and therefore, the Court is no longer concerned about an impermissibly pervasive release provision. (See Doc. 33-1.)

**IT IS HEREBY ORDERED** that the Parties' second motion for settlement approval (Doc. 33) is **GRANTED**. The Parties requested that upon approval of the settlement agreement, the Court grant dismissal of the case with prejudice. (Id. at 6.) Since both Parties signed the motion, the Court finds dismissal is proper under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all motions and deadlines and **CLOSE** this case. Each party shall bear its own costs and fees except as otherwise ordered.

**ORDER ENTERED** at Augusta, Georgia, this ___16th___ day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA